(No. 2072, August 1, 1917.)

## CRAIG v. HENNING et al.

### SYLLABUS BY THE COURT.

The transcribed notes of the stenographer in an equitable action, upon the trial of which issues are submitted to the jury for determination, can only be made a part of the record by being incorporated into a bill of exceptions, under the provisions of section 4495, Code 1915.

Appeal from District Court, Chaves County; McClure, Judge.

Action by L. B. Craig against W. H. Henning and others. Judgment for defendants upon a directed verdict, and plaintiff appeals. Motion to strike from the transcript all parts thereof to which the court's certificate of the correctness of the stenographer's transcribed notes was attached granted.

Tomlinson Fort and J. C. Gilbert, both of Roswell, for appellant. Harold Hurd and Hiram M. Dow, both of Roswell, for appellees.

### OPINION OF THE COURT.

ROBERTS, J.—This action was instituted in the district court of Chaves county by appellant against the appellees to recover the sum of $2,509 alleged to have been owing to appellant by appellees, as evidenced by a certain judgment set out in the complaint. Appellees answered, tendering payment of one-half of the amount sued for, and set up certain equitable defenses which they alleged relieved them from payment of the remainder. Issue was joined and without objection by either party the case was submitted to a jury. Evidence on behalf of the plaintiff (appellant here) was taken, and the court, on motion of the appellees, instructed the jury to return a verdict for the defendants on the litigated question. From this judgment appellant prosecuted an appeal to this court, and

has filed a transcrip of the record which contains, in addition to the record proper, the transcribed notes of the stenographer, certified by the court to be true and correct, under the provisions of section 4493, Code 1915. Appellees moved to strike from the transcript all that portion thereof to which such certificate is attached, on the ground that, the case having been submitted to a jury, it was not competent for appellant to make the evidence and proceeding occurring upon the trial a part of the record in such manner. This motion must be sustained. The section in question, in so far as material, reads as follows:

"In all actions tried without a jury the testimony taken before a court or that taken by a referee, the transrcibed notes of the stenographer in such cases, properly certified by the court or referee, and all motions, orders or decisions made or entered in the progress of the trial of any such action shall become and be a part of the record for the purpose of having the cause reviewed by the Supreme Court upon appeal or writ of error, without any bill of exceptions."

Section 4495 provides for the making up of a bill of exceptions and settling the same, and authorizes this method of procedure in all cases; whether tried by the court with or without a jury. Appellant argues that, because there were equitable issues involved in the present case, it should have been tried by the court without a jury; hence they are entitled to make the testimony a part of the record in the manner adopted.

The statute, however, does not make the test of the right depend upon whether the action was legal or equitable, but upon whether or not the action was tried with or without a jury. A law action, properly triable by a jury, but heard by the court, comes within the provisions of section 4493, and in an equitable action, where issues are submitted to the jury, the transcribed notes of the stenographer can only be made a part of the record by having the same incorporated in a bill of exceptions under the provisions of section 4495.

For the reasons stated, the motion of appellees will be sustained; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.