(No. 2072. January 21, 1918.)

CRAIG v. HENNING et al.

SYLLABUS BY THE COURT.

An unexplained and unambiguous contract providing that one party should render his services in the collection of a judgment against a third person, for which he was to receive 50 per cent. thereof as his compensation, does not authorize the third person, the judgment debtor, to satisfy the judgment by paying 50 per cent. thereof, and a tender of that amount is unavailing.

Appeal from District Court, Chaves County; McClure, Judge.

Action by L. B. Craig against J. H. Henning and

others. Judgment for defendants dismissing the complaint, and plaintiff appeals. Reversed.

J. C. Gilbert and Tomlinson Fort, both of Roswell, for appellant. Harold Hurd, of Roswell, for appellees.

### OPINION OF THE COURT.

PARKER, J. This is an appeal from the district court for Chaves county by L. B. Craig, appellant, from a judgment rendered in favor of J. H. Henning, E. H. Henning and C. N. Stansell, appellees, dismissing the complaint of appellant. The transcript of the proceedings at the trial was stricken out by us. 165 Pac. 851. Consequently the merits of this case must be determined from the record proper.

The action was to revive a judgment theretofore obtained by appellant against the appellees for $1,200, plus interest, costs and attorney's fees. Paragraph 5 alleged that there was now due to appellant from appellee the sum of $2,509.90. The appellees filed separate answers, but they are all to the same general effect. The answer denied the matter alleged in paragraph 5 of the complaint, and by way of new matter alleged that a contract was made and entered into on April 16, 1915, between Harold Hurd, on the one hand, and the appellant, on the other, the said Hurd then and there acting for and on behalf of the appellees, whereby the appellant was to accept in full payment of said judgment fifty per cent of the amount of the principal and interest due thereon, and refrain from taking any action upon said judgment for a period of eight months after the date of the execution thereof, which period of time has not expired; that under the terms of said contract there is due appellant $1,306.62, which is tendered in full satisfaction of said judgment. A copy of the contract referred to was attached to the answer, and is as follows:

"This memoranda of agreement made between L. B. Craig of Roswell, N. M., and Harold Hurd, of said city, witnesseth: Whereas, the said Hurd has under his care a certain pend-

ing suit to clear the title to block 11 in the city of Roswell in which one Elizabeth H. Henning is interested; and whereas, there are certain debts for which the said Mrs. Henning and her husband are responsible; and whereas, it has been impossible heretofore to collect any obligation from the said Hennings; and whereas, the said J. H. Henning now owes the said Craig the sum of $1,200 and interest, upon which said debt the said Craig secured a judgment: Now, therefore, in consideration of the services of the said Harold Hurd in collecting the aforesaid sum of $1,200 and interest, the said Craig agrees to give to the said Hurd one-half of the sum collected. It is further agreed that the said Hurd shall give his time and attention to the aforesaid matter in a thorough, careful manner, and diligently prosecute the same by any means, in law or equity, and in further consideration of the said Hurd so doing it is agreed that no further steps upon the part of said Craig shall be taken for a period of eight months from this date, unless the said Hurd advises that he himself is unable to secure the payment of said sum.

"L. B. Craig.
"Harold Hurd."

Appellees pleaded that said contract was made for their benefit and accepted by them, and that the action of Craig in bringing this action was taken prior to December 16, 1915, the expiration of the period of time in which he agreed to refrain from taking any action with reference to the collection of said judgment. Demurrers were filed by appellant to each of the answers of appellees, and were ovrruled by the court. The ground of said demurrers were: (1) That Hurd is a necessary party defendant; (2) that the contract made between Craig and Hurd is not set up in hæc verba; (3) that no consideration is pleaded for the execution of said contract on the part of Craig; (4) that the allegations concerning the meaning of said contract contradict the terms of the contract itself; (5) that the said answer fails to allege performance of the covenants therein on the part of Hurd and E. H. Henning; (6) the said contract does not specify how collection was to be made from the Henning property; (7) that the agreement was made with Hurd as an attorney, "and said Hurd could not secretly, and without the knowledge and approval of the plaintiff, bind the plaintiff to accept the service of another, as has been attempted to be done;" (8) that

it does not appear that either Hurd or E. H. Henning performed the covenants contained in said contract; and (9) that the answers disclose that the agreement between Hurd and Craig was to the general effect that the former was to receive one-half of any sum which he might collect, and that the arrangement did not concern, in any manner the rights of the appellees. Upon the overruling of said demurrers appellant replied to the answer of appellees, denying the material parts thereof, and alleging matters of evidnc substantially to the general effect that the said contract was executed upon the representations of Hurd that he possessed certain influence which made it probable that he could collect the money represented by the Craig judgment, and would collect the same, if given eight months' time, and thereupon deliver same to Craig, less 50 per cent. thereof, which was the fee agreed upon to be paid for such service. It was also alleged that Hurd had failed to perform the covenants contained in said contract by him to be performed, and that the tender of 50 per cent. of the amount due on said judgment was attributable to the institution of this action by the attorney for the appellant. The trial court, upon the motion of appellees, directed a verdict in favor of appellees upon the theory that appellees were authorized to pay appellant one-half of the sum of the said judgment in satisfaction thereof, under the terms of the said contract made between Craig and Hurd, and that the tender of one-half of the amount of said judgment operated as a satisfaction of said judgment. It will be seen that the controversy between the parties hinged on the legal interpretation to be given to the Craig-Hurd contract, and that the court took the view that by virtue of the terms thereof the appellees became entitled to satisfy the said judgment any time within eight months after the execution of said contract, by paying 50 per cent of the principal and interest thereof, and that the tender of appellees constituted such payment.

The solution of the question to which we have just

referred is not dependent in any respect upon the evidence taken at the trial, and therefore we feel free to determine the merits of the case upon the record proper. A better understanding of the theory upon which the trial court determined the merits of this case will be had by stating that the trial court was of the opinion that the tender of 50 per cent. of the amount of the judgment, with interest, made before the expiration of the time stated in the contract in which the appellant agreed with Hurd not to proceed with the collection of said judgment for a stated period of time, constituted the payment and satisfaction of said judgment.

We are unable to concur in the opinion reached by the trial court. The contract between Hurd and Craig is too clear to require construction. In substance and effect it provides for the employment of Hurd as attorney for Craig for the purpose of collecting the judgment Craig owned against the appellees, Hurd to be compensated therefor by retaining one-half of whatever sum he collected from the Hennings and to be free from interference on the part of Craig in pursuance of that object until December 16, 1915. The contract obviously created the relation of attorney and client between Hurd, the attorney, and Craig, the client, and if Craig breached the conditions of said contract by bringing suit against the Hennings prior to December 16, 1915, it affected Hurd, and no one else. The contract anticipates no benefits in favor of the appellees. Under it Hurd was required to collect the full amount of the judgment, if that could be done, and if he was to do his duty as a member of the bar in the premises. If it could not be done, he was required to collect as much as he could, and account to his client for such sum as as due him, which would be 50 per cent. of whatever Hurd collected from the Hennings. The contract was one for the rendition of services on the part of Hurd for the benefit of Craig and compensation therefor. It was that and nothing else, except that, so far as Hurd was concerned, Craig was bound to desist from any action on his part look-

ing to the collection of the judgment for a stated period of time. It is perfectly obvious from what is stated in the pleadings that the money tendered by the appellees for the purpose of satisfying said judgment was not "collected" by Hurd, but if it had been it would not operate as a satisfaction of the judgment, but would simply have authorized Hurd to retain 50 per cent. thereof as his fee therefor.

The judgment of the trial court will therefore be reversed and the cause is remanded with directions to award a new trial; and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.